# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00223-CV

### In the Interest of K.A.G., Appellant

**FROM THE DISTRICT COURT OF CALDWELL COUNTY, 207TH JUDICIAL DISTRICT
NO. 99-FL-420, HONORABLE DULCE MADRIGAL, JUDGE PRESIDING**

On November 9, 2001, the district court signed its final order establishing the parent-child relationship, appointing conservators, and setting child support. Jacinto Solis, who by his answer admitted paternity and was adjudicated the child=s father, filed a timely motion for new trial. Accordingly, his notice of appeal was due February 7, 2002. *See* Tex. R. Civ. P. 26.1(a)(1). Any motion for extension, express or implied,[1] was due February 22, 2002. *See* Tex. R. App. P. 26.3. On March 29, 2002, the clerk of this Court received a document labeled AMotion for Extension of Time to File Appeal Record and Motion for Extension of Time to File Appellant=s Brief.@ Attached to the motion was an affidavit of indigence. *See generally* Tex. R. App. P. 20. As neither this Court nor the trial court had ever received a notice of appeal, the clerk of this Court considered the document as a notice of appeal. However, that notice was untimely. Even the apparent date of its preparation,[2] March 1, 2002, is too late to confer jurisdiction on this

---

[1]  *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (receipt of document within fifteen-day period to file motion for extension implies motion for extension of time to file that document).

[2]  Soliz is an inmate proceeding *pro se*. Even if we were to allow for possible problems in mailing the document, the preparation date itself is too late.

Court.  *See* Tex. R. App. P. 2 (may not alter time for perfecting appeal in civil case).  Accordingly, we

dismiss the appeal for want of jurisdiction.  Tex. R. App. P. 42.3(a).


_____

Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Dismissed for Want of Jurisdiction

Filed:   May 16, 2002

Do Not Publish